IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CASCADE CAPITAL GROUP, LLC | PLAINTIFF |
| v. | CAUSE NO. 3:17cv952-LG-FKB |
| LIVINGSTON HOLDINGS, LLC;<br>CHESTNUT DEVELOPERS, LLC;<br>DAVID LANDRUM; and MICHAEL L.<br>SHARPE | DEFENDANTS |
| AND | |
| LIVINGSTON HOLDINGS, LLC;<br>CHESTNUT DEVELOPERS, LLC; and<br>MICHAEL L. SHARPE | COUNTERCLAIMANTS |
| v. | |
| CASCADE CAPITAL GROUP, LLC | COUNTERDEFENDANT |
| AND | |
| LIVINGSTON HOLDINGS, LLC;<br>CHESTNUT DEVELOPERS, LLC; and<br>MICHAEL L. SHARPE | THIRD PARTY PLAINTIFFS |
| v. | |
| MARK CALVERT | THIRD PARTY DEFENDANT |

## ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AS TO DEFENDANT DAVID LANDRUM

BEFORE THE COURT is [76] Motion for Judgment on the Pleadings as to Defendant David Landrum filed by Plaintiff Cascade Capital Group, LLC ("Cascade"). Defendant David Landrum has not responded to the Motion, and his time for doing so has long since run. Having considered the Motion, the record, and

applicable law, the Court concludes that Cascade's Motion for Judgment on the Pleadings as to David Landrum should be granted.

I. BACKGROUND

This lawsuit derives from Defendants' alleged default on a Promissory Note ("the Note"), as modified by a subsequent Forbearance Agreement ("the Agreement"), used to fund the re-development of the old Town of Livingston in Madison County, Mississippi. (*See* Am. Compl., ECF No. 8.) Cascade's Amended Complaint seeks the appointment of a receiver to take possession and control of Defendants' property – which is designated as collateral in the Note and the Agreement – and a joint and several judgment against Defendants for the principal and interest due on the Note (as modified by the Agreement), attorneys' fees, and collection costs.

Defendants Livingston Holdings, LLC ("Livingston"), Chestnut Developers, LLC ("Chestnut"), and Michael L. Sharpe filed amended answers to Cascade's complaint on August 21, 2018, asserting both counterclaims and third party claims. (Sharpe Am. Answer, Countercl., & Third Party Compl., ECF No. 51; Livingston & Chestnut Am. Answer, Countercl., & Third Party Compl., ECF No. 52.) However, Defendant David Landrum filed an Answer in which he admitted to all of Cascade's allegations.

Cascade filed the instant Motion for Judgment on the Pleadings on October 12, 2018, after having already filed a [74] Motion for Summary Judgment as to claims between Cascade and the other defendants on October 4, 2018. Given the

conflicting stances taken by the different defendants and the importance of avoiding contradictory factual findings, the Court withheld ruling on the instant Motion until first disposing of the summary judgment motion. The Court has now resolved the summary judgment motion and determined, among other things, that (1) the Note and the Agreement are enforceable and (2) Livingston, Chestnut, and Sharpe breached those contracts. Accordingly, the Court turns now to the Motion for Judgment on the Pleadings as to David Landrum.

## II. DISCUSSION

The instant Motion argues that, as between Cascade and Landrum, the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. (Mem. Supp. Mot. J. Pleadings 2, ECF No. 77 (citing *Keys v. Safeway Ins. Co.*, 556 F. Supp. 2d 586, 588 (S.D. Miss. 2008).) "Landrum has admitted all of the allegations of the Amended Complaint and has not asserted any affirmative defense that would preclude entry of judgment against him." (*Id.*)

a. <u>Standard of Review</u>

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(c) motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to Plaintiff. *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).

a. Analysis

A plaintiff asserting a breach of contract claim has the burden to prove, by a preponderance of the evidence, "1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it." *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224-25 (Miss. 2012). Cascade alleges that Landrum executed the Note and the Agreement, that these contracts are binding and enforceable under Mississippi law, and that Landrum breached these contracts by failing to make scheduled loan payments prescribed by the Note and the Agreement. Landrum admits that the Note and the Agreement are valid, binding contracts, to which he is a party, and that he defaulted on both. Cascade is therefore entitled to judgment on the pleadings regarding its breach of contract claim against David Landrum.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [76] Motion for Judgment on the Pleadings as to Defendant David Landrum filed by Plaintiff Cascade Capital Group, LLC is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 4th day of February, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

– 4 –