IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CASCADE CAPITAL GROUP, LLC                                           PLAINTIFF

VS.                                      CIVIL ACTION NO. 3:17-cv-00952-LG-MTP

LIVINGSTON HOLDINGS, LLC;
CHESTNUT DEVELOPERS, LLC;                                         DEFENDANTS/
DAVID LANDRUM; and MICHAEL L. SHARP              COUNTER-PLAINTIFFS

AND

MICHAEL L. SHARPE a/k/a MIKE SHARPE              THIRD PARTY PLAINTIFFS

VS.

MARK CALVERT                                          THIRD PARTY DEFENDANT

---

## MOTION FOR ADDITIONAL TIME TO DESIGNATE EXPERT WITNESSES

---

THIS CAUSE having come before the Court on the motion of Plaintiff, Cascade Capital Group, LLC, by and through its counsel of record, seeking additional time for all parties to designate expert witness in this action, and in support of said motion, would show as follows:

1.      On August 28, 2018, the Court entered an Order (Doc. #70) amending the Case Management Order granting the parties additional time to designate experts.  The  Plaintiff  was granted until September 28, 2018, and the Defendants were granted until October 29, 2018, to designate experts.

2.      Plaintiff filed its proposed expert designation on or about September 28, 2018.  On November 20, 2018,  the Defendants filed their Motion to Strike (Doc. 95) to exclude the testimony of the Plaintiff's proposed expert.  On May 3, 2019, the Court entered its Order Granting Motion to Strike (Doc. #126).   In the Order, the Court acknowledged that expert testimony regarding the

practices of certified turnaround professionals and the application of the Turnaround Management Association Code of Ethics may be useful to the trier of fact in  this action.

3.      The Defendants never designated an expert in this case.

4.      This case was originally set for trial in the April 2019 calendar.  The case was then continued until the week of July 22, 2019.  The court has recently continued the case until September 23, 2019.

5.      The Plaintiff submits that the Court should grant additional time for all parties designate experts in this case.

6.      In *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir.2007), the 5th Circuit set for the standards for determining whether a party can be allowed to designate an expert witness out of time. In determining whether to allow testimony of a late-designated witness, a court should consider: (1) explanation for failure to identify the witness; (2) importance of the testimony; (3) potential prejudice in allowing testimony; and (4) availability of a continuance to cure such prejudice.

7.      Factor (1) explanation for failure to identify witness.  In Betzel, the parties seek to make a late designation had no explanation for his failure to timely designate an expert.  In this action, the Court determined that the practices of certified turnaround professionals and the application of the Turnaround Management Association Code of Ethics would likely be useful to the trier of fact.  However, by the time the Court ruled, the period for designation had long since expired. The Plaintiff submits that the Court should grant all parties additional time to present such relevant expert testimony.

8.      Factor (2) importance of the testimony.  As the Court noted in its Order, such testimony could be important to the trier of fact.  Specifically, the testimony would be helpful, if not

2

essential, to understanding which, if any, professional association rule(s) and/or guideline(s), apply to the facts presented and how.  For example, while the Third Party Plaintiff Calvert was provided ethical guidance as a Certified Public Accountant, he was not subject to any applicable requirements by virtue of his voluntary Turnaround Management Association membership and associated certification.

9.     Factor (3) potential prejudice in allowing testimony.  In this motion, The Plaintiff is seeking additional time for all parties, not just the Plaintiff.  The Defendants will not be prejudiced since they will have an equal opportunity to designate an expert should they choose to do so.

10.    Factor (4) the availability of a continuance to cure such prejudice.  In this action, the Court has recently continued the trial date.  The parties would have time to depose any designated expert witness and to file any Daubert challenges to any designated experts.

11.    Based upon the teaching of *Betzel*, the Plaintiff submits that the Court should grant additional time for all parties to designate experts in this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Cascade Capital Group, LLC, moves this Court to grant additional time for all parties to designate additional expert witnesses in this case.

THIS, the 25th day of June, 2019.

                              Respectfully submitted,

                              CASCADE CAPITAL GROUP, LLC

                              WILLIFORD, McALLISTER & JACOBUS, LLP
                              303 Highland Park Cove, Suite A
                              Ridgeland, MS 39157-6059
                              (601) 991-2000

                    BY:     */s/Patrick F. McAllister*
                              PATRICK F. MCALLISTER, MSB #2177

3

## CERTIFICATE OF SERVICE

I, Patrick F. McAllister, do hereby certify that I have this day electronically filed the above and foregoing Pleading with the Clerk of this Court using the ECF filing system, which sent notification of such filing to the following:

Harris H. Barnes III, Esq.
Barnes Law Firm, PA
5 River Bend Place, Suite A
Flowood, MS 39232-7618
tbarnes@barnes-lawfirm.com
**Attorney for David Landrum**

John G. Corlew, Esq.
Corlew Munford & Smith, PLLC
4450 Old Canton Road, Suite 111 (39211)
P.O. Box 16807
Jackson, MS 39236-6807
jcorlew@cmslawyers.com
**Attorney for Michael L. Sharpe a/k/a Mike Sharpe**

Steven H. Smith, Esq.
Steven H. Smith, PLLC
4316 Old Canton Road, Suite 200
Jackson, MS 39211
ssmith@shsattorneys.com
**Attorney for Livingston Holdings, LLC**
**and Chestnut Developers, LLC**

DATED:  this the 25th day of June, 2019.

BY: */s/Patrick F. McAllister*_____
        PATRICK F.MCALLISTER, MSB #2177