# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **CASCADE CAPITAL GROUP, LLC** | **PLAINTIFF** |
| v. | **CAUSE NO. 3:17cv952-LG-MTP** |
| **LIVINGSTON HOLDINGS, LLC;** <br> **CHESTNUT DEVELOPERS, LLC;** <br> **DAVID LANDRUM; and MICHAEL L.** <br> **SHARPE** | **DEFENDANTS** |
| **AND** | |
| **LIVINGSTON HOLDINGS, LLC;** <br> **CHESTNUT DEVELOPERS, LLC; and** <br> **MICHAEL L. SHARPE** | **COUNTERCLAIMANTS** |
| v. | |
| **CASCADE CAPITAL GROUP, LLC** | **COUNTERDEFENDANT** |
| **AND** | |
| **LIVINGSTON HOLDINGS, LLC;** <br> **CHESTNUT DEVELOPERS, LLC; and** <br> **MICHAEL L. SHARPE** | **THIRD PARTY PLAINTIFFS** |
| v. | |
| **MARK CALVERT** | **THIRD PARTY DEFENDANT** |

## ORDER DENYING CASCADE CAPITAL GROUP LLC'S MOTION TO ALTER OR AMEND JUDGMENT OR MAKE ADDITIONAL FACTUAL FINDINGS OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

BEFORE THE COURT is the [154] Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(a) and (e) and/or Make Additional Findings Pursuant to Rule 52(b) or, in the Alternative, Grant a New Trial Pursuant to Rule 59(a) filed by Plaintiff/Counter-Defendant Cascade Capital Group, LLC

("Cascade"). Defendants/Counterclaimants Livingston Holdings, LLC ("Livingston"), Chestnut Developers, LLC ("Chestnut"), and Michael L. Sharpe filed a Response in Opposition, but Cascade did not reply. Having considered the submissions of the parties, the record, and relevant law, the Court concludes that Cascade's Motion should be denied.

On March 6, 2020, the Court entered [151] Findings of Fact and Conclusions of Law from a three-day bench trial that was held in September 2019. The Court also entered a [152] Final Judgment, which, in pertinent part, awarded Cascade

> compensatory damages from Defendants Livingston Holdings, LLC, Chestnut Developers, LLC, and Michael L. Sharpe, jointly and severally with all parties to the Promissory Note . . . and the Forbearance Agreement . . . as amended by the First Amendment to the Forbearance Agreement, in the amount of $424,329.55 with interest from the date of judgment at the rate of 6.5% as provided by the Findings of Fact and Conclusions of Law.

On March 16, 2020, Cascade filed the instant Motion, which contends that this Judgment, along with the Findings of Fact and Conclusions of Law "encompass and/or rely on multiple manifest errors of both fact and law and/or reflect prejudicial evidentiary and other errors resulting in the failure of substantial justice," such that the Court has "committed clear error." (Mot. Alter or Amend J. 2, ECF No. 154.) Cascade expands upon this general claim with additional conclusory contentions: the Court's factual findings and legal conclusions

(a) "[r]eflect categorical outcome-determinative factual misunderstandings and/or unexplained indifference regarding the substance and unequivocal

consequential import of considerable material, undisputed and/or unchallenged evidence presented during trial;"

(b) "[m]isplace express and/or implied reliance on speculation, conjecture, and/or incorporate factual assumptions unsupported by evidence presented during trial;

(c) "[i]naccurately reflect the substance of the claim and defenses as well as the various disputes and questions necessarily flowing from the same pending before and presented to the Court during trial;"

(d) "[r]eveal legal analyses as well as rationales/explanations required by the pleadings, controlling Agreed Pre-Trial Order, evidence presented at trial, and/or explicitly raise and advocated via post-trial written submissions and otherwise to be facially inconsistent, incomplete, and or absent;"

(e) [e]ncompass the (1) dubious interpretation of and/or unexplained disregard for on-point and/or persuasive authorities reflected in Mississippi law as applied by Mississippi's state courts, and/or (2) the unsanctioned effective creation, modification, and/or expansion of Mississippi law;"

(f) "[f]ashion a remedy and require a result so inequitable as to be unquestionably punitive in operation, if not express characterization;"

(g) "[e]ffectively award the referenced Defendants a substantial financial windfall by irrefutably placing them in a position substantially superior to any they might otherwise have occupied considering any arguably reasonable interpretation of the material, undisputed evidence presented at trial;" and

(h) "[a]re otherwise clearly erroneous and manifestly unjust." (*Id.* 2-3.) Cascade does not point to a single factual finding or legal conclusion in the Court's Findings of Fact and Conclusions of Law or explain how any such findings or conclusions were erroneous or manifestly unjust.

A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478. "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly." *Id.*

"The primary purpose of [Rule 52] is to ensure that the trial court's findings of fact and legal reasoning are clear." *Driskell v. Summit Contracting Grp., Inc.*, 325 F. Supp. 3d 665, 679 (W.D.N.C. 2018) (internal quotation marks omitted). Thus, "[a] Rule 52 motion is not to be used to introduce evidence that was available at trial but not offered, to relitigate old issues or advance new theories, or to secure a rehearing on the merits." *Weisler v. La. Commerce & Trade Ass'n*, No. 1:09CV622 HSO-JMR, 2012 WL 13018502, at *1 (S.D. Miss. Apr. 20, 2012) (citing *Fontenot v. Mesa Petro. Co.*, 791 F.2d 1207, 1209 (5th Cir. 1986)). Like Rule 59(e) motions, a

Rule 52(b) motion is to be used "'to correct manifest errors of law or fact or, in some situations, to present newly discovered evidence.'" *Id.* (quoting *Fontenot*, 791 F.2d at 1209).

Cascade asserts that the Court's Findings of Fact and Conclusions of Law are riddled with manifest errors of law and fact. However, Cascade's arguments lack substance or explanation. Cascade has neither pointed to the specific erroneous portions of the Findings of Fact and Conclusions of Law nor "cited to those portions of the trial transcript which [it] maintains support [its] position." *Wiesler*, 2012 WL 13018502, at *2. Instead, in a conclusory fashion Cascade merely recites and repeats the Rule 59 and Rule 52(b) standards. This is insufficient to support the extraordinary remedy of a new trial, an amended judgment, or additional factual findings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [154] Motion to Alter or Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(a) and (e) and/or Make Additional Findings Pursuant to Rule 52(b) or, in the Alternative, Grant a New Trial Pursuant to Rule 59(a) filed by Plaintiff/Counter-Defendant Cascade Capital Group, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of April, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE